Nash, J.
 

 The bill is filed to redeem a negro named Travis, mortgaged,- it is alleged, by Susan Purvis, one of the complainants, and William Purvis, her father, to the defendant. The case stated in the bill is as follows :• The mother of the complainants was the daughter of John Lane, who, upon her intermarriage with William Purvis, their father,put into her possession a negro woman named Penny, who so remained up to the death of their mother and their grand-father, who died intestate.- Penny is- the mother of the boy Travis, born while in the possession of their mother and father. After the death of their grandfather, John Lane, a bill in equity was filed by his next of kin, to procure a division'of his personal estate, and by a decree obtained thereon, the negroes Penny and Travis, were assigned to the plaintiffs.' The bill, then alleges, that William Purvis, their father,-borrowed of the defendant Brown $100, and to secure' the payment thereof, the negro Travis was mortgaged to the defendant by William Purvis, and that the plaintiff, Susan Purvis, joined in the mortgage. It then avers the tender of the money borrowed and the demand for the negro Travis, and the'
 
 *414
 
 refusal of the defendant to receive the money or deliver up the boy. It prays a redemption of the negro, and a sequestration, &c.
 

 From the view we have taken of the case, it is not necessary to say any thing further of the answer, than that it denies, that Travis was mortgaged, but alleges he was-purchased by the defendant, and further, it denies, that the plaintiffs have any right to redeem the negro if he was mortgaged, as the title to him was in William Purvis, and not in them.
 

 Among the exhibits filed in the- cause, is the record of the suit in the Court of Equity for Randolph County, to which the plaintiffs refer in their bill. They were parties complainants. Upon the hearing of the cause,, an account was decreed, and a reference made to the master to take an account of the estate of John Lane, sr. in the hands of his administrator, and make report thereof. The master made a report, and in it states that the negro woman Penny was an advancement to Sally Purvis, the mother of the plaintiff, by her father, John Lane. In ascertaining the distributive share of the children of Sally Purvis, who were parties plaintiffs, the master deducted from their share the sum of
 
 $821
 
 68, the amount of the advancement made their mother: leaving the sum of $359 72, as the balance coming to them from their grand-father’s estate. There was a decree for that sum, in their favor, in conformity with the report. It appears then, that the negro Penny was an advancement to Sally Purvis and became the property of William Purvis, her husband, who is still alive. The plaintiffs have failed to show any title to the negro 1’ravis, and therefore have no right to the equity of redemption, claimed by them, if he was mortgaged to the defendant. We do not deny, that a right to redeem property may be reserved to a stranger to the contract, but then it must be an express reservation, which is not pretended here in favor of these ' plaintiffs. In truth, the bill is framed under an entire
 
 *415
 
 different statement of facts, which is denied in the answer, and not proved, but contradicted by the proofs.
 

 Per Curiam.
 

 Bill dismissed with costs-.